# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00472-CR

**Donald Kenneth Mitchell, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 264TH DISTRICT COURT OF BELL COUNTY
## NO. 77434, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Donald Kenneth Mitchell seeks to appeal his December 7, 2017 judgment of conviction. The thirty-day deadline for perfecting the appeal was January 8, 2018, and the deadline for seeking an extension of time to file the notice of appeal was January 22, 2018. *See* Tex. R. App. P. 4.1, 26.2(a)(1), 26.3. But this notice of appeal was filed September 21, 2020.[1]

Under the circumstances, we lack jurisdiction to dispose of this purported appeal in any manner other than by dismissing it for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996) (concluding that when belated notice of appeal is filed without timely motion for extension of time to file notice of appeal, appellate court must

---

[1] This is Mitchell's second attempted appeal from this conviction. *See Mitchell v. State*, No. 03-18-00210-CR, 2018 Tex. App. LEXIS 4196, at *1 (Tex. App.—Austin June 12, 2018, no pet.) (mem. op., not designated for publication). The remedy for a late-filed notice of appeal is to file a postconviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07.

dismiss purported appeal for lack of jurisdiction); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that amendments to rules of appellate procedure did not affect *Olivo*'s rationale requiring timely notice of appeal to vest appellate court with jurisdiction).

The appeal is dismissed for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Kelly

Dismissed for Want of Jurisdiction

Filed:   October 16, 2020

Do Not Publish